Matter of Feliciano v Caban (2025 NY Slip Op 06899)

Matter of Feliciano v Caban

2025 NY Slip Op 06899

Decided on December 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 11, 2025

Before: Kern, J.P., Friedman, Rodriguez, Pitt-Burke, Rosado, JJ. 

Ind No. 151251/24|Appeal No. 5359|Case No. 2024-04801|

[*1]In the Matter of Omayra Feliciano, Petitioner-Appellant,
v
Edward A. Caban, etc., et al., Respondents-Respondents. 

Goldberg & McEnaney, LLC, Port Washington (Timothy McEnaney of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Jonathan Schoepp-Wong of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about July 15, 2024, which denied the petition to annul respondents' determination, dated October 12, 2023, denying accidental disability retirement (ADR) benefits, dismissed the proceeding brought pursuant to CPLR article 78, and denied petitioner's request for discovery pursuant to CPLR 2307 of the minutes from proceedings before the Medical Board and Trustees of the Police Pension Fund related to six police officers who contracted Covid-19 and were awarded ADR benefits, unanimously affirmed, without costs.
The court properly concluded that petitioner did not sustain her burden of showing that the Trustees' determination to deny her application for ADR benefits was arbitrary and capricious or unlawful as a matter of law, as petitioner failed to demonstrate that her exposure to COVID-19 was service-related (see Matter of Chaplar v Sewell, 222 AD3d 478, 478-479 [1st Dept 2023]). It was rational for the Trustees to find that petitioner having worked with a colleague who tested positive for COVID-19 six days after petitioner did not demonstrate that her illness was caused by exposure to that person. As the Trustees noted, petitioner may have been exposed to the virus in a variety of settings that were not service-related (see Matter of Ramos v O'Neill, 210 AD3d 511, 511-512 [1st Dept 2022]).
Petitioner's contracting COVID-19 10 months after then-Governor Andrew Cuomo first declared an emergency and after millions of people tested positive was not an "accident," as it was not unexpected given the widespread circulation of the virus. Since petitioner's job required contact with others who may have been exposed, exposure to COVID-19 was part of a known and ordinary risk of her job at that time (see Matter of Bodenmiller v DiNapoli, 43 NY3d 43, 46-47 [2024]).
The court properly denied petitioner's request for discovery of the minutes from proceedings before the Medical Board and the Trustees related to six police officers who contracted COVID-19 and were awarded ADR benefits, since each of those cases was required to be evaluated on its own merits (see Price v New York City Bd. of Educ., 51
AD3d 277, 293 [1st Dept 2008], lv denied 11 NY3d 702 [2008]).
We have considered petitioner's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 11, 2025